IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,        )
                                 )
                    Plaintiff,   )
                                 )
        v.                       )        Case No. 15-20003-01-JWL
                                 )
LANDEIN CRADDOCK,                )
                                 )
                    Defendant.   )
                                 )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motion for relief from a freeze placed on $1,970.55 in his inmate trust account (Doc. # 64) and the Government's motion for payment of that amount from the account to pay down defendant's restitution obligation (Doc. # 67).  For the reasons set forth below, the Government's motion is **granted in part**, and the Court orders a restitution payment from defendant's account in the amount of $1,500.00.  Defendant's motion is **denied as moot**.

Defendant pleaded guilty in 2015 to armed bank robbery, and he remains imprisoned for that offense with a present release date in 2031.  As set forth in the judgment, defendant's sentence included payment of restitution in the amount of $11,097.00 (owed jointly with his co-defendant and severally), due according to the following schedule: payment to begin immediately; payment of at least 10 percent of the funds deposited each month into defendant's inmate trust fund account; and for a period of

three years after release from imprisonment, payment of at least five percent of defendant's gross monthly household income.[1]  The Government states – and defendant does not dispute – that defendant's account recently had a balance of $2,070.55 and that $10,797.00 remains outstanding on defendant's restitution obligation.

The Government requested that the Bureau of Prisons place a freeze on $1,970.55 in defendant's inmate trust fund account (that is, all but $100).  Defendant then filed a motion in this Court challenging the freeze, arguing that he had made all required payments.  The Government has responded that the funds were frozen in anticipation of a motion, and it has separately filed a motion for an order compelling payment of the $1,970.55 to satisfy in part the remainder of defendant's restitution obligation.

First, the Court denies defendant's motion as moot.  The Government's motion has put the issue of the restitution payment before the Court, and defendant has had the opportunity to litigate the issue and has filed multiple briefs in opposition to the Government's motion.

The Court then turns to the Government's motion.  As the Government notes, an order of restitution creates a lien on defendant's property.  *See* 18 U.S.C. § 3613(c).  An order of restitution may be enforced by any available and reasonable means.  *See id.* § 3664(m)(1)(A).  The Government has not shown, however, that defendant has violated the terms of the Court's restitution order.  The Court ordered payment of restitution according to a certain schedule, and the Government has not shown or even alleged that defendant

---

[1] This case was reassigned to the undersigned judge in 2021.

has failed to comply with that schedule.  Indeed, the Government has not submitted any records of defendant's trust account or otherwise provided any information concerning deposits to or restitution payments from that account.  Accordingly, there is no basis to compel a payment by defendant to cure a violation of the restitution judgment or to enforce the schedule set forth in that judgment.

The Government also invokes 18 U.S.C. § 3664(n), which provides as follows:

> If a person obligated to provide restitution . . . receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution . . . still owed.

*See id.*  The Government argues that defendant's account holds "substantial resources" that should be applied to satisfy the restitution balance under Section 3664(n), although it cites no caselaw to support such an interpretation of the "substantial resources" standard.  Defendant argues in opposition to the motion that his judgment set the schedule for his payment obligation and that he has been making restitution payments of $25 per quarter under a Bureau of Prisons program.  He also states that the Court should not order the payment of more than half of the amount requested by the Government, which amount would be "fair for both parties."

Section 3664(n) does not require that the defendant be in violation of the restitution order for application of substantial resources to that obligation; thus, the fact that defendant has not been shown to have violated the Court's judgment is not relevant to the Government's request for payment under this statute.  *See United States v. Cooper*, 2006 WL 3512936, at *3 (D. Kan. Nov. 1, 2006) (citing cases).

The Court concludes that defendant has accumulated substantial resources in his inmate trust account, and that defendant is therefore required to apply those resources to his restitution obligation. The Tenth Circuit reached a similar conclusion in *United States v. Thornburgh*, 764 F. App'x 655 (10th Cir. 2019) (unpub. op.), in which the court affirmed a district court's order under Section 3664(n) compelling payment of all but $100 from an inmate's trust fund account containing $3,172.78 in partial satisfaction of the inmate's restitution obligation. *See id.* at 657. That case was unpublished, but it retains persuasive value, and the Court agrees with the *Thornburgh* courts (the district court and the Tenth Circuit) that accumulated funds of multiple thousands of dollars represent substantial resources for purposes of Section 3664(n). *See also United States v. Vaughan*, 2021 WL 2206499, at *2 (D. Kan. June 1, 2021) (inmate trust account funds of $2,023.34 represented substantial resources that defendant had not applied to his restitution obligation).[2]

The Court rejects defendant's argument that compelling a payment beyond the minimum payments required by the restitution schedule in the judgment would somehow run afoul of his Rule 11(c)(1)(C) plea agreement. The parties did not agree to a proposed sentence including restitution on a particular schedule. Rather, in the agreement the

---

[2] The Government also cites 18 U.S.C. § 3664(k), which permits a district court to adjust a restitution payment schedule in the interests of justice in the event of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." *See id.* But in the absence of information concerning how defendant accumulated the funds in his account – they may have been accumulated slowly over the course of defendant's imprisonment – the Court cannot conclude that there has been a material change since the time of defendant's sentencing. Moreover, even if the Court had discretion to adjust the payment schedule, it would not require a greater immediate lump-sum payment than it is requiring in this order.

parties' proposed sentence included restitution generally, and defendant agreed to any restitution ordered by the Court, with the explicit understanding that if the Court imposed a schedule with minimum payments, other methods of enforcing that obligation would not be limited.

The Court does agree with defendant, however, that an award in the requested amount would be excessive in this case in light of the Government's not providing any information concerning when and how defendant accumulated the funds in his inmate account. At the time of sentencing, the Court deemed it appropriate to require minimum restitution payments of only 10 percent of funds deposited each month into his account, with the result that defendant was expected to keep the great majority of his deposited funds. Thus, it would be inconsistent with that original sentence to take virtually all of the funds in defendant's account if those funds were slowly and steadily accumulated over the duration of his imprisonment. If defendant had a sudden windfall or infusion of funds in a significant amount, requiring payment of that amount might be consistent with the intent of the original sentence, but no such windfall has been shown here.

Defendant suggests that it would be fair to pay only half of the requested amount. The Court concludes in its discretion that a fraction closer to three-fourths is warranted in light of the amount in defendant's account and the amount of the outstanding restitution balance. The Court thus orders payment towards defendant's restitution obligation in the amount of $1,500.00, based on its conclusion that that portion represents the extent to which defendant's funds represent substantial resources. Such a split allows defendant to retain over $500 of his accumulated funds.

5

Accordingly, the Government's motion is granted in part. The Bureau of Prisons is ordered to pay $1,500.00 from defendant's inmate trust fund account to the Clerk of this Court to be applied against defendant's outstanding restitution obligation. Any restrictions on the remainder of defendant's inmate trust fund account shall be lifted immediately.

IT IS THEREFORE ORDERED BY THE COURT THAT the Government's motion to compel a restitution payment from defendant's inmate trust account (Doc. # 67) is hereby **granted in part**. The Bureau of Prisons is ordered to pay $1,500.00 from the account to the Clerk of the Court in partial satisfaction of defendant's restitution obligation, and it shall immediately lift any restrictions on the remainder of defendant's account.

IT IS FURTHER ORDERED BY THE COURT THAT defendant's motion for relief (Doc. # 64) is hereby **denied as moot**.

IT IS SO ORDERED.

Dated this 26th day of July, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

6